Jack Shaw (Bar No. 309382)
Jack.Shaw@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
3000 El Camino Real, Suite 5-400
Palo Alto, CA 94306
Tel.: (650) 645-9019
Fax: (650) 687-8326

Tiffany Salayer (Bar No. 226189)
Tiffany.Salayer@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Tel.: (619) 906-5731
Fax: (619) 398-0161

Attorneys for Plaintiff
FRUIT ENTERTAINMENT LIMITED

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRUIT ENTERTAINMENT LIMITED, | Case No. 5:23-cv-4294 |
| Plaintiff, | **COMPLAINT FOR**: |
| v. | **(1) DECLARATORY RELIEF; (2) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200; AND (3) MATERIAL MISREPRESENTATIONS IN DMCA TAKEDOWN** |
| NERON'S BROTHER SARL, | |
| Defendant. | |
| | **(JURY DEMAND)** |

Plaintiff FRUIT ENTERTAINMENT LIMITED brings this action against Defendant NERON'S BROTHER SARL for declaratory relief, unfair competition and material misrepresentations in DMCA takedown.

## **PARTIES**

1.     Plaintiff FRUIT ENTERTAINMENT LIMITED is, and at all times mentioned herein, is a company established in Hong Kong with its registered place of

business located at Easey Commercial Building 253-261 Hennessy Road, Room 1502, Wanchai, Hong Kong.

2.    Defendant NERON'S BROTHER SARL is a limited liability company established in Switzerland with its principal place of business at Chemin des Mesanges 47, 1226 Thonex, Switzerland.

## JURISDICTION AND VENUE

3.    This is a complaint for (1) declaratory relief, (2) unfair competition, and (3) material misrepresentations in DMCA takedown.

4.    Google Play is a service provided by Google LLC.

5.    Google LLC is a service provider under the DMCA, 17 U.S.C. §512(k)(1).  Google LLC is located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.  This Court has federal question jurisdiction in this matter in that Plaintiff seeks a declaration of rights under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

7.    This Court has personal jurisdiction over Defendant as Defendant has distributed its Supreme Duelist Stickman game via Google Play throughout the United States, including this District.  Further, Defendant submitted a DMCA takedown notification to Google LLC, which is located in this District.

8.    Venue in this action properly lies in the Northern District of California as that is Google LLC's primary location, and events giving rise to the claims in this action occurred in this District.

## DIVISIONAL ASSIGNMENT

9.    Pursuant to Civil L-R 3-2(e), because this action arises from a dispute on Google Play, and because Google LLC is located at 1600 Amphitheatre Parkway, Mountain View, CA  94043 (in Santa Clara County), this action is appropriately filed in the San Jose Division.

## ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

10.     Plaintiff is a video game provider.

11.     Plaintiff released its game, Stickman Hero Fighting Clash, on Google Play ("Google").

12.     On or about August 10, 2023, Defendant submitted a takedown request to Google to take down Plaintiff's Stickman Hero Fighting Clash game.

13.     Defendant's takedown request claims that its video "Paint Brush vs Laser Sword" and its game, Supreme Duelist Stickman, are both copyrighted, and that Plaintiff's game infringes those copyrights.

14.     While Defendant's takedown request was submitted against Plaintiff's Stickman Hero Fighting Clash game, it mentions The Great Hippo, and appears to be comparing The Great Hippo's content to Defendant's copyrighted material, not Plaintiff's Stickman Hero Fighting Clash game.

15.     Defendant's takedown request was submitted under the penalty of perjury and signed by Gael Redard.

16.     In response to Defendant's takedown request, Google suspended Plaintiff's game, which prevents access to the game.

17.     Plaintiff filed a counter notification requesting that its game be reinstated on Google as it does not believe it has infringed Defendant's rights in Defendant's video, game or copyrights and on information and belief that Defendant's made false, unfair, unlawful and/or fraudulent statements in its takedown request.

18.     Plaintiff has been injured by Defendant's actions and will continue to be injured.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

19.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 18, as though set forth fully herein.

20.     Defendant has alleged that Plaintiff's game, Stickman Hero Fighting Clash, infringes Defendant's Supreme Duelist Stickman game copyright, PA0002403573.

21.     An actual controversy has arisen and now exists as to the ownership, rights and responsibilities between Plaintiff and Defendant over Plaintiff's game, Stickman Hero Fighting Clash. Specifically, Defendant filed a claim against Plaintiff with Google and had Plaintiff's Stickman Hero Fighting Clash game suspended from the Google platform. Defendant claimed Plaintiff's Stickman Hero Fighting Clash game infringed Defendant's copyright, PA0002403573, in Supreme Duelist Stickman.

22.     Plaintiff did not and does not infringe Defendant's copyright.

23.     Plaintiff desires a judicial determination of the parties' rights and duties and a declaration of noninfringement of Defendant's copyright in Supreme Duelist Stickman, PA0002403573.

24.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may resume offering its game to consumers via Google and other platforms.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition Under Cal. Bus. Prof. Code § 17200)

25.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 24, as though set forth fully herein.

26.     Plaintiff and Defendant are both video game providers and both have games on the Google Play platform.

27.     Defendant's claims of copyright infringement to support its takedowns request to Google are unfair, unlawful, and/or fraudulent in that the written claims do not support the takedown as to Plaintiff's game, Stickman Hero Fighting Clash, and specifically mention a different game.

28.     On information and belief, Defendant was aware that its takedown request was unfair, unlawful and/or fraudulent before Defendant filed its request.

29.    Defendant's unfair, unlawful and/or fraudulent statements led to Google suspending Plaintiff's game from its platform.

30.    Defendant's claims of infringement to Google injured Plaintiff's business relationship with Google and could prevent Plaintiff from adding new games or applications to the Google Play platform.

31.    Plaintiff has been injured by Defendant's unfair, unlawful and/or fraudulent actions and continues to be damaged.

32.    Defendant's conduct constitutes unlawful, unfair or fraudulent business acts and is therefore unfair competition within the meaning of Cal. Bus. Prof. Code § 17200.

33.    Plaintiff is entitled to compensation for its damages, including but not limited to, injunction and restitution.

## THIRD CLAIM FOR RELIEF

### (Material Misrepresentations in DMCA Takedown)

34.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 33, as though set forth fully herein.

35.    On or about August 10, 2023, Defendant submitted a DMCA takedown request to Google to take down Plaintiff's Stickman Hero Fighting Clash game.

36.    While Defendant's takedown request was submitted against Plaintiff's Stickman Hero Fighting Clash game, it mentions The Great Hippo, and appears to be comparing The Great Hippo's content to Defendant's copyrighted material, not Plaintiff's Stickman Hero Fighting Clash game.

37.    Defendant's takedown request was submitted under the penalty of perjury and signed by Gael Redard.

38.    In response to Defendant's takedown request, Google suspended Plaintiff's game, which prevents access to the game.

39.    Plaintiff filed a counter notification requesting that its game be reinstated on Google as it does not believe it has infringed Defendant's rights in Defendant's

video, game or copyrights and on information and belief that Defendant's made false, unfair, unlawful and/or fraudulent statements in its takedown request.

40. On information and belief, Defendant knew before filing its takedown request against Plaintiff's game, Stickman Hero Fighting Clash, that the statements made in support of its request were material misrepresentations.

41. Defendant's material misrepresentations violate 17 U.S.C. § 512(f).

42. Plaintiff has been damaged by Defendant's material misrepresentations and is entitled to damages, including attorneys' fees and costs.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

1. A judicial determination of the parties' rights and duties and a declaration of noninfringement of Defendant's copyright in Supreme Duelist Stickman, PA0002403573;

2. For injunctive relief;

3. Enjoining Defendant, its agents, servants, officers, directors, employees, representatives and each of them, be enjoined during the pendency of this action and permanently thereafter from claiming copyright infringement to Google or other third parties in regards to Plaintiff's Stickman Hero Fighting Clash game;

4. An award of damages, including restitution damages, to Plaintiff under the second cause of action herein;

5. An award of damages to Plaintiff under the third cause of action herein;

6. For all attorneys' fees and costs incurred herein; and

7. Such other and further relief as the Court deems just and proper.

DATED: August 23, 2023

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/ Jack Shaw*
Jack Shaw
Tiffany Salayer

Attorneys for Plaintiff
Fruit Entertainment Limited